UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
ASHLAND

Civil Action No. 04-cv-225-HRW

ROWLAND BURNS, JR.                                                    PLAINTIFF,

v.        **MEMORANDUM OPINION AND ORDER**

JO ANNE B. BARNHART
COMMISSIONER OF SOCIAL SECURITY,                    DEFENDANT.

Plaintiff has brought this action pursuant to 42 U.S.C. §405(g) to challenge a final decision of the Defendant denying Plaintiff's application for disability insurance benefits. The Court having reviewed the record in this case and the dispositive motions filed by the parties, and being otherwise sufficiently advised, for the reasons set forth herein, finds that the decision of the Administrative Law Judge is supported by substantial evidence and should be affirmed.

**II.  FACTUAL BACKGROUND AND PROCEDURAL HISTORY**

Plaintiff filed his current application for disability insurance benefits on May 7, 2003, alleging disability beginning on July 1, 1999, due to back problems (Tr. 83-85). This application was denied initially and on reconsideration. On July 13, 2004, an administrative hearing was conducted by Administrative Law Judge Andrew Chwalibog (hereinafter "ALJ"), wherein Plaintiff, accompanied by

1

counsel, testified (Tr. 35-44). At a subsequent hearing, Melissa Glannon, a vocational expert (hereinafter "VE") testified (Tr. 50-52).

At the hearing, pursuant to 20 C.F.R. § 416.920, the ALJ performed the following five-step sequential analysis in order to determine whether the Plaintiff was disabled:

> Step 1: If the claimant is performing substantial gainful work, he is not disabled.
>
> Step 2: If the claimant is not performing substantial gainful work, his impairment(s) must be severe before he can be found to be disabled based upon the requirements in 20 C.F.R. § 416.920(b).
>
> Step 3: If the claimant is not performing substantial gainful work and has a severe impairment (or impairments) that has lasted or is expected to last for a continuous period of at least twelve months, and his impairments (or impairments) meets or medically equals a listed impairment contained in Appendix 1, Subpart P, Regulation No. 4, the claimant is disabled without further inquiry.
>
> Step 4: If the claimant's impairment (or impairments) does not prevent him from doing his past relevant work, he is not disabled.
>
> Step 5: Even if the claimant's impairment or impairments prevent him from performing his past relevant work, if other work exists in significant numbers in the national economy that accommodates his residual functional capacity and vocational factors, he is not disabled.

On September 7, 2004, the ALJ issued his decision finding that Plaintiff was not disabled (Tr. 11-16). Plaintiff was 60 years old at the time of the hearing decision. He has a high school education (Tr. 93). His past relevant work

experience consists of work as a furnace operator (Tr. 98).

At Step 1 of the sequential analysis, the ALJ found that Plaintiff has not engaged in substantial gainful activity since the alleged onset date of disability (Tr. 16). The ALJ then determined, at Step 2, that Plaintiff suffered from degenerative lumbar disc disease, which he found to be "severe" within the meaning of the Regulations (Tr. 16). At Step 3, the ALJ found that Plaintiff's impairments did not meet or medically equal any of the listed impairments (Tr. 16). In doing so, the ALJ specifically considered listing 1.00 (Tr. 13). The ALJ further found that Plaintiff could not return to his past relevant work (Tr. 16) but determined that he has the following residual functional capacity ("RFC"):

> [T]o lift and/or carry fifty pounds occasionally and twenty-five pounds frequently. He would be limited to no more than occasional climbing of steps/ladders, balancing, stooping, crouching, kneeling and crawling.

(Tr. 16).

Based upon this RFC, the ALJ, relying upon testimony of the VE, concluded that the Plaintiff could perform a significant range of medium work, such as production inspector, hand packer and filling machine tender (Tr. 15). The ALJ finally concluded that these jobs exist in significant numbers in the national and regional economies, as identified by the VE (Tr. 15). Accordingly, the ALJ found Plaintiff not to be disabled at Step 5 of the sequential evaluation process.

The Appeals Council denied Plaintiff's request for review and adopted the ALJ's decision as the final decision of the Commissioner on October 14, 2004 (Tr. 3-5).

Plaintiff thereafter filed this civil action seeking a reversal of the Commissioner's decision. Both parties have filed Motions for Summary Judgment [Docket Nos. 4 and 5] and this matter is ripe for decision.

### III.  ANALYSIS

The essential issue on appeal to this Court is whether the ALJ's decision is supported by substantial evidence. "Substantial evidence" is defined as "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion;" it is based on the record as a whole and must take into account whatever in the record fairly detracts from its weight. *Garner v. Heckler*, 745 F.2d 383, 387 (6th Cir. 1984). If the Commissioner's decision is supported by substantial evidence, the reviewing Court must affirm. *Kirk v. Secretary of Health and Human Services*, 667 F.2d 524, 535 (6th Cir. 1981), *cert. denied*, 461 U.S. 957 (1983). "The court may not try the case *de novo* nor resolve conflicts in evidence, nor decide questions of credibility." *Bradley v. Secretary of Health and Human Services*, 862 F.2d 1224, 1228 (6th Cir. 1988). Finally, this Court must defer to the Commissioner's decision "even if there is substantial evidence in the record that

would have supported an opposite conclusion, so long as substantial evidence supports the conclusion reached by the ALJ." *Key v. Callahan,* 109 F.3d 270, 273 (6th Cir.1997).

Plaintiff's only issue on appeal is that the ALJ failed to afford proper weight to the opinion of his treating physician, Dr. Lloyd Browning. In order to be given controlling weight, the opinions of a treating source on issues involving the nature and severity of a claimant's impairments must be well supported by medically acceptable clinical and laboratory diagnostic techniques, and be consistent with other substantial evidence in the case record. 20 C.F.R. § 416.927(d)(2). Such opinions receive deference only if they are supported by sufficient medical data. *Harris v. Heckler*, 756 F.2d 431, 435 (6th Cir. 1985).

On April 13, 2004 and May 13, 2004 Dr. Browning opined that Plaintiff is disabled (Tr. 173-177, 179). The ALJ was correct in disregarding these conclusory remarks. It is within the province of the ALJ to make the legal determination of disability. The ALJ is not bound by a treating physician's conclusory statement, particularly where the ALJ determines, as she did in this case, where these is medical proof that Plaintiff retains the RFC to work in some capacity other than her past work. *See King v. Heckler*, 742 F.2d 968, 973 (6th Cir. 1984).

The ALJ further noted that Dr. Browning's statements as to disability were

5

not directly based upon any objectively determinable evidence of impairment (Tr. 14).

Finally, Dr. Browning's own treatment notes do not support the extreme impairment suggested by him. For example, the ALJ noted that while Dr. Browning's records do reflect some complaints of back pain since the alleged onset date, ongoing treatment is not reflected therein (Tr. 12-13).

In assessing Plaintiff's RFC, the ALJ instead relied upon the evaluation of Dr. Stanley Askin, a consultative orthopedic surgeon who completed an assessment of work-related activities and opined that Plaintiff was capable of performing medium level work with some postural limitations (Tr. 183-189). The ALJ explicitly accepted this opinion and incorporated the limitations proposed by Dr. Askin in his RFC.

The ALJ did not err in relying upon the opinion of Dr. Askin. While the opinion of a treating physician is generally entitled to greater weight than that of a physician who treats a claimant only once or only reviews the claimant's records, the ALJ is not bound by the opinion of a treating physician where there is substantial evidence to the contrary. *See, Loy v. Secretary of Health and Human Services*, 901 F.2d 1306, 1308-1309 (6th Cir. 1999).

Based upon the record, the Court finds that the ALJ properly rejected the

opinion of Dr. Browning as unsupported by substantial evidence. The Court further finds that the ALJ's determination of no disability is supported by substantial evidence on the record.

## III. CONCLUSION

Accordingly, it is **HEREBY ORDERED** that the Plaintiff's Motion for Summary Judgment be **OVERRULED** and the Defendant's Motion for Summary Judgment be **SUSTAINED**. A judgment in favor of the Defendant will be entered contemporaneously herewith.

This July 1, 2005.

Signed By:
Henry R Wilhoit Jr.
United States District Judge